```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

JAMES R. CHAMBERS,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:20-00135

C. MARUKA, Warden,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation on May 3, 2021, in which he recommended that the district court grant plaintiff's petition under 28 U.S.C. § 2241, resentence Chambers based upon a guideline range of 92 to 115 months, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the allotted time period.

As the United States Court of Appeals for the Tenth Circuit recently observed, a case like this "is a perfect example of the practical problems district courts face in trying to provide § 2255 relief under § 2241 when the habeas court is not the sentencing court." United States v. Rhodes, No. 20-6012, 834 F. App'x 457, 461 (10th Cir. Nov. 6, 2020).  For this and other reasons, it is hereby **ORDERED** that the Office of the Federal Public Defender, at the United States Courthouse, 300 Virginia Street, East, Charleston, West Virginia 25301, telephone number 347-3350, is appointed to represent Chambers in this matter. Within fourteen days, the parties are directed to file a memorandum with the court outlining their position as to how the court should proceed.  The parties' memoranda should address the court's concerns regarding its jurisdiction to vacate a sentence imposed in the Northern District of Ohio and resentence Chambers in this court.  The parties should also discuss whether a resentencing hearing is necessary as well as other issues that would arise if a corrected or amended sentence is imposed.  See Lester v. Wilson, Case No. 1:12-cv-681-LO-JFA, 2019 WL 982853, at *1 (E.D. Va. Feb. 27, 2019).  The United States Probation Office

is directed to obtain a copy of the original presentence report and provide it to the court and counsel.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, the Office of the Federal Public Defender, counsel of record, and the Probation Office of this Court.

**IT IS SO ORDERED** this 14th day of January, 2022.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge