IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JAMES R. CHAMBERS,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:20-00135

C. MARUKA, Warden,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation on May 3, 2021, in which he recommended that the district court grant plaintiff's petition under 28 U.S.C. § 2241, resentence Chambers based upon a guideline range of 92 to 115 months, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the allotted time period. Thereafter, on January 14, 2022, the court entered an order appointing the Office of the Federal Public Defender to represent Chambers. See ECF No. 25. The court also directed the parties to file memoranda with the court indicating their position on whether this court could/should resentence Chambers or send it back to the sentencing court in the Northern District of Ohio. The parties were also asked to weigh in on whether a resentencing hearing was necessary. The Probation Office was directed to obtain a copy of Chambers's original presentence report and provide it to court and counsel.

The parties agreed that Chambers was entitled to have his sentence vacated and that he should be resentenced in this court. See ECF Nos. 28 and 29. The parties further agreed that a resentencing hearing was unnecessary. See id. Chambers asked for a sentence of time served, while defendant indicated that Chambers should be resentenced to a new sentence within a Guideline range of 92 to 115 months. See id. According to Chambers, he has served approximately 95 months on his federal sentence so a time-served sentence would be within the properly calculated guideline range.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and

recommendations contained therein.  Based upon the foregoing and for the additional reasons outlined in the parties' briefs as well as the cases cited therein, see Lester v. Wilson, Case No. 1:12-cv-681-LO-JFA, 2019 WL 982853, at *1 (E.D. Va. Feb. 27, 2019), the court **GRANTS** plaintiff's petition under 28 U.S.C. § 2241 as follows:

1) Chambers's sentence of 151 months incarceration is **MODIFIED** to a sentence of **time served.**

2) All other provisions of the original Judgment in a Criminal Case, dated August 27, 2001, including the three-year term of supervised release and the conditions imposed thereon, as well as the financial penalties imposed, remain in full force and effect.

3) Chambers's term of supervised release is **TRANSFERRED** to the Northern District of Ohio.

4) This civil action is **DISMISSED** and the Clerk is directed to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the Probation Office of this Court, and to the BOP at FCI Allenwood.

**IT IS SO ORDERED** this 11th day of February, 2022.

ENTER: *David A. Faber*
David A. Faber
Senior United States District Judge